UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 17-2104 JVS(JDEx) | Date | March 8, 2018 |

Title: **Gerardo Soto v. Greif Packaging LLC**

Present: The Honorable **James V. Selna**

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) <u>Order Granting Plaintiff's Motion to Remand and Denying as Moot Plaintiff's Motion for Relief</u>**

Before the Court are two motions.

First, Plaintiff Gerardo Soto ("Soto") filed a motion to remand this action to Orange County Superior Court. (Mot., Docket No. 15.) Defendant Greif Packaging LLC ("Greif") opposed. (Opp'n, Docket No. 26.) Soto filed a reply. (Reply, Docket No. 28.) After the Court requested supplemental evidence and briefing, Greif filed a supplemental memorandum and declaration. (Docket No. 30.) Soto replied. (Docket No. 31)

For the following reasons, the Court **GRANTS** Soto's motion to remand.

Second, Soto filed a motion for relief from Local Rule 23-3. Greif did not file an opposition or notice of non-opposition to the motion as required by Local Rule 7-9. The Court deems Greif's failure to oppose as consent to the granting of the motion. L.R. 7-12. However, for reasons stated below, the Court **DENIES** Soto's motion for relief as moot.

## I. BACKGROUND

Soto filed this action in Orange County Superior Court on November 2, 2017. (Docket No. 2 ¶ 1.) Soto filed the action on behalf of himself and a proposed class comprised of "[a]ny and all persons who are or were employed in non-exempt production positions, however titled, by Defendants in the state of California within four (4) years prior to the filing of the complaint in this action until resolution of this lawsuit" and a proposed subclass of "[a]ll Class Members who have been employed by Defendant in

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 17-2104 JVS(JDEx) | Date | March 8, 2018 |
| Title | **Gerardo Soto v. Greif Packaging LLC** | | |

non-exempt positions within the State of California at any time between October 2014 and the present and have separated their employment." (Compl., Docket No. 2-1 ¶¶ 15–16). Soto alleges eight causes of action for: (1) failure to pay minimum wages; (2) failure to pay overtime; (3) failure to provide meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay wages; (6) failure to provide accurate itemized wage statements; (7) failure to indemnify necessary business expenses; and (8) unfair competition. (See generally id.)

Greif filed a Notice of Removal in this Court on December 4, 2017, calculating the amount in controversy for the first six causes of action. (Docket No. 2.) Soto filed the motion to remand on January 3, 2018, and the motion for relief on January 5, 2018. (Docket Nos. 15, 21.)

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 163 (1997). Ordinarily, federal jurisdiction is proper so long as there is complete diversity between the parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332.

However, the diversity and amount in controversy requirements are different when a defendant removes an action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which gives federal courts jurisdiction over class actions as defined in 28 U.S.C. § 1332(d)(1). To remove on the basis of CAFA, the defendant must provide a "short and plain statement" showing that three requirements are met: (1) the class has more than 100 members; (2) any class member is a citizen of a state different from any defendant; (3) and the amount-in-controversy exceeds $5 million. See 28 U.S.C. §1446(a); 28 U.S.C. §§ 1332(d)(2), (5)(B); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006) (holding that it is defendant's burden to establish a prima facie case of removal jurisdiction under CAFA). A defendant need not submit evidence to support its amount-in-controversy allegation, which "should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co., LLC v. Owens, 134 S. Ct. 547, 553 (2014). But if the plaintiff contests the defendant's allegations, "both sides submit proof and the court decides, by a

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 17-2104 JVS(JDEx) | Date | March 8, 2018 |
| Title | **Gerardo Soto v. Greif Packaging LLC** | | |

preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 553–54. However, "[d]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met." Id. at 554 (citing H.R. Rep. No. 112–10, p. 16 (2011)). "If [a] defendant presents such proof, it then becomes plaintiff's burden to show, as a matter of law, that it is certain he will not recover the jurisdictional amount." Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir.1995)).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Id. With this in mind, a plaintiff may still seek remand of the action to state court pursuant to 28 U.S.C. § 1447(c).

### III. DISCUSSION

Soto does not contest that his Complaint satisfies the numerosity and diversity requirements for removal pursuant to CAFA. Soto only argues that Greif fails to show by a preponderance of the evidence that the amount-in-controversy exceeds $5,000,000.

1.  Evidence Submitted in Support of Removal

Soto argues that because Greif did not submit additional evidence in opposition to this motion to remand, Greif fails to satisfy its burden under Dart to substantiate its removal allegations. (Reply, Docket No. 28 at 2–3.) However, the standard under Dart only requires a removing defendant to submit evidence substantiating its allegations of the amount-in-controversy when a plaintiff or the court challenges those allegations. See 135 S. Ct. at 554. The Supreme Court created no requirement that when a removing defendant submits evidence substantiating its allegations in its notice of removal, it must also submit additional evidence if those allegations are challenged.

The evidence that may be submitted includes affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)).

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   SACV 17-2104 JVS(JDEx)            Date   March 8, 2018

Title       **Gerardo Soto v. Greif Packaging LLC**

"[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Id. However, "[a]n affidavit showing that potential damages exceed the jurisdictional amount may satisfy Defendant's burden." Allchin v. Volume Servs., Inc., No. 215CV00886TLNEFB, 2016 WL 704616, at *10 (E.D. Cal. Feb. 23, 2016) (citing Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 397 (9th Cir. 2010); Ibarra, 775 F.3d at 1197). There is no obligation at this stage for a removing defendant to produce the business records or payroll data upon which its declarant relies. See Jones v. Tween Brands, Inc., No. 2:14-CV-1631-ODW, 2014 WL 1607636, at *2 (C.D. Cal. Apr. 22, 2014) (finding that defendant was not required to provide the payroll data upon which declarant relied); Jimenez v. Allstate Ins. Co., No. CV 10-8486 AHM FFM, 2011 WL 65764, at *2 (C.D. Cal. Jan. 7, 2011) (concluding that declarant established sufficient ground for her testimony "by declaring that her knowledge was based on her normal business responsibilities and her personal review of Defendant's business records")

Moreover, Soto's allegations in the Complaint dictate the total amount-in-controversy for this action. "In measuring the amount in controversy, a court must 'assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint.'" Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001 (quoting Jackson v. American Bankers Ins. Co. of Florida, 976 F. Supp. 1450, 1454 (S.D. Ala.1997)).

In support of its notice of removal, Greif submitted the declaration of Christine Trocellier ("Trocellier"). (See Trocellier Decl., Docket No. 2-6.) Trocellier is the Director of Human Resources for Greif, Inc., the parent company for Greif. (Id. ¶¶ 1–2.) Trocellier based her declaration on "[a] review of information kept in the ordinary course of business." (Id. ¶¶ 5–12.) Trocellier provides the following information: (1) Greif employed 318 individuals in non-exempt production positions in the State of California from November 2, 2013 though the present; (2) the 318 individuals worked total of 25,326 workweeks during that period; (3) the 318 individuals earned an hourly wage of $17.60 per hour during that period; (4) the 318 individuals worked an average shift length of approximately 9.3 hours during that period; (5) Greif employed 133 individuals in non-exempt production position in the State of California whose employment with Greif was terminated during the period from November 2, 2014, through the present; (6) the 133 individuals earned an average of $15.66 at the time of their respective terminations;

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 17-2104 JVS(JDEx) | Date | March 8, 2018 |
| Title | Gerardo Soto v. Greif Packaging LLC | | |

(7) the 133 individuals worked an average shift length of approximately 9.2 hours during the period from November 2, 2013, through the present; and (8) for the 318 individuals, when $50 is attributed to the initial pay period and $100 is attributed to each subsequent pay period, capped at $4,000 per employee, the total amount is equal to $743,750.00. (Id.)

The Court identified three issues with Trocellier's declaration in the tentative order it issued prior to the February 12, 2018 hearing on the motion. Trocellier did not explain whether the average hourly wages for either the 318 proposed class members or the 133 proposed subclass members include or exclude overtime wages. Additionally, she provided no information on how the sum of $743,750.00 for the 318 individuals is calculated. Without any explanation as to how she reached it, the Court had no way of verifying it was anything other than "mere speculation" or "conjecture." See Ibarra, 775 F.3d at 1197.

Greif addressed these issues in its supplemental memorandum and declaration. (See Docket No. 30.) Trocellier's new declaration explains that both average hourly wages are the average of the base rates per hour. (Trocellier Decl., Docket No. 30-1 ¶¶ 7, 10.) They do not reflect overtime pay. Additionally, Trocellier explains how she calculated the $743,750.00 figure. (Id. ¶ 12.) She states that

> A review of pay records reflecting the number of pay periods worked, which are kept in the ordinary course of business indicates that, with respect to each of the 318 employees employed in non-exempt production positions in the State of California during the period from November 2, 2013 through the present, when $50.00 is attributed to the initial pay period and $100.00 is attributed to each subsequent pay period, capped at $4,000.00 per employee, the total amount is equal to $743,750.00. This amount was calculated . . . by counting the number of pay periods each of the 318 employees worked from November 2, 2013 through the date of removal, attributing $50.00 to each employee's initial pay period and attributing $100.00 to each subsequent pay period. Where this figure exceeded $4,000 for any individual employee, the dollar amount was reduced to $4,000. These amounts were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-2104 JVS(JDEx)                                    Date   March 8, 2018

Title     **Gerardo Soto v. Greif Packaging LLC**

then added together to total $743,750.00.

(Id.)  Therefore, Greif sufficiently explains its methodology behind the calculation of the average hourly wages and the $743,750.00 sum.

    2.      First Cause of Action: Failure to Pay Minimum Wages

The Notice of Removal provides that the total amount in controversy for this claim is $405,216.00. (Docket No. 2 ¶ 34.)  Greif reached that figure by multiplying the total number of weeks worked by the 318 workers employed by Grief from November 2, 2013, until the present by one hour of unpaid wages at the lowest California minimum wage during the period by two for liquidated damages.  (Id.)

The Trocellier declaration provides that the 318 individuals worked a total of 25,326 workweeks from November 2, 2013, until present.  (Tocellier Decl., Docket No. 2-6 ¶ 6.)  The declaration is sufficient to establish that figure, even though Trocellier does not provide the business records upon which she relies.  See Jimenez, 2011 WL 65764, at *2.  Soto alleges that Grief failed to pay him and class members for all hours worked on a "consistent and regular basis."  (Comp., Docket No. 2-1 ¶ 31.)  Therefore, it was reasonable and conservative to assume one hour of unpaid wages per employee per workweek.  See Ray v. Wells Fargo Bank, N.A., No. CV 11-01477 AHM JCX, 2011 WL 1790123, at *6–7 (C.D. Cal. May 9, 2011) (finding defendant's estimated one hour per week per class member conservative and reasonable when Plaintiff alleged that he and putative class members "routinely" worked more than eight hours a day and/or forty hours per week).  Moreover, Plaintiff provides no evidence that this estimate is unreasonable in light of the allegations in the Complaint.  Finally, Greif's use of the lowest minimum wage during the period to calculate the figure is also conservative and reasonable.

In sum, Greif establishes that $405,216.00 is the total amount in controversy for the first cause of action.

    3.      Second Cause of Action: Failure to Pay Overtime

The Notice of Removal provides that the total amount in controversy for this

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-2104 JVS(JDEx) | Date | March 8, 2018 |
| Title | **Gerardo Soto v. Greif Packaging LLC** | | |

claim is $1,805,237.28. (Docket No. 2 ¶ 38.) Greif reached that figure by multiplying the total number of weeks worked by the 318 workers employed by Grief from November 2, 2013, until the present by 2.7 hours per shift by 1 shift per workweek by $17.60 per hour by a premium of 1.5 for overtime compensation. (Id.) This calculation relies on the average hourly wage figure of $17.60 per hour, which Greif has properly substantiated. (Trocellier Decl., Docket No. 30-1 ¶ 7.) Soto argues that the 2.7 overtime hours does not take into account the one hour of minimum wages already calculated for the first cause of action. (Mot., Docket No. 15 at 11.)

Other courts in this district have permitted defendants to use both the calculations of damages for unpaid minimum wage claims and unpaid overtime claims for the purpose of determining the potential amount in controversy for removal. Feao v. UFP Riverside, LLC, No. CV173080PSGJPRX, 2017 WL 2836207, at *5 (C.D. Cal. June 29, 2017). However, in Feao, the defendant calculated damages based on only one hour per week of unpaid minimum wages and one hour per week of unpaid overtime. Id. Here, Greif calculates damages based on one hour per week of unpaid minim wages and 2.7 hours per week of unpaid overtime. In Oda v. Gucci Am., Inc., No. 2:14-CV-07469-SVW, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015), the plaintiff argued that the court could not permissibly "double-count" the claims for unpaid minimum wages and overtime. The Court did not explicitly reject that argument, but found that, where plaintiffs included separate claims for both failure to pay minimum wages and failure to pay overtime, the defendant properly assumed one type of each violation per week. Id.

Greif relies on conservative calculations to estimate the 2.7 hours of unpaid overtime per week. Soto alleges that he and putative class members regularly worked twelve to sixteen hours or more per day. (Complaint, Docket No. 2-1 ¶ 30.) If Greif had calculated the average uncompensated overtime by subtracting the average shift length of 9.3 hours from sixteen hours, the amount of uncompensated overtime hours would be 6.7 hours per day. Even subtracting 1 hour to account for Soto's unpaid minimum wage claim, the figure would be 5.7 hours of uncompensated overtime per day. Additionally, even though Soto alleged daily violations, Greif only calculated damages for this claim based on one violation per week. (See id. ¶¶ 30, 63.) Therefore, in light of Soto's allegations, Greif's calculations are reasonable and conservative. Accordingly, Greif establishes that the total amount in controversy for

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-2104 JVS(JDEx) | Date | March 8, 2018 |

| Title | **Gerardo Soto v. Greif Packaging LLC** |

the second cause of action is $1,805,237.28.

    4.    Third and Fourth Causes of Action: Failure to Provide Meal Periods and to Authorize and Permit Rest Periods

The Notice of Removal provides that the total amount in controversy for Soto's third claim is $445,737.60. (Docket No. 2 ¶ 41.) Greif reached that figure by multiplying the total number of weeks worked by the 318 workers employed by Grief from November 2, 2013, until the present by one meal period violation per workweek by $17.60 per hour. (Id.) Additionally, it provides that the total amount in controversy for the fourth claim is also $445,737.60. (Id. ¶ 44.) Grief reached that figure by multiplying the total number of weeks worked by the 318 workers employed by Grief from November 2, 2013, until the present by one rest break violation per workweek by $17.60 per hour. (Id.) Soto raises the same arguments to attack these calculations as he does to the calculations of the first and second causes of action. (See Mot., Docket No. 15 at 11-12.) Again, the Court rejects these arguments. Therefore, Greif establishes that the total amount in controversy for the third and fourth causes of action $891,475.20 ($445,737.60 for each cause of action).

    5.    Fifth Causes of Action: Failure to Timely Pay Wages

The Notice of Removal provides that the total amount in controversy for this claim is $574,847.28. (Docket No. 2 ¶ 49.) Greif reached that figure by multiplying the total number of individuals employed by Grief whose employment ended from November 2, 2014, through the filing of Soto's complaint on November 2, 2017, by $15.66 per hour by 9.22 hours per day by a 30-day waiting time penalty period. (Id.) This calculation relies on the average hourly wage figure of $15.66 per hour, which Greif has properly substantiated. (Trocellier Decl., Docket No. 30-1 ¶ 10.) However, Soto argues that Grief fails to substantiate the application of the full 30-day waiting time penalty. (Mot., Docket No. 15 at 13.) Under Labor Code section 203, when an employee is discharged or quits, an employer who fails to pay wages owed in a timely manner is liable for a penalty equal to one day of pay for each day the wages are late, up to a maximum of 30 days. Cal. Labor Code § 203(a). Soto alleges that Greif "continues to willfully fail and refuse, [sic] to pay Plaintiff and Class Members their wages, earned and unpaid wages, either at the time of discharge or within seventy-two

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  SACV 17-2104 JVS(JDEx)                Date  March 8, 2018

Title  **Gerardo Soto v. Greif Packaging LLC**

hours of their voluntarily leaving Defendants' employ." (Compl., Docket No. 2-1 ¶ 73.)  Therefore, Soto alleges that Greif still has not paid wages due.  It has been more than 30 days since the filing of the Complaint.  Accordingly, Greif does not need to provide evidence of how long it actually delayed in paying; it is reasonable to apply the maximum 30-day waiting time penalty.

Therefore, Greif establishes that the total amount in controversy for the fifth cause of action is $574,847.28.

6.     Sixth Cause of Action: Failure to Provide Accurate Itemized Wage Statements

The Notice of Removal provides that the total amount in controversy for this claim is $743,750.00.  (Docket No. 2 ¶ 53.)  Greif relies on Trocellier's calculation to reach this figure.  (Id.)  Soto challenges Greif's method of calculation on multiple grounds: (1) Greif should have excluded the putative subclass from the calculation; (2) Labor Code section 226 violations are subject to a one-year statute of limitations, precluding an award of the maximum amount of damages; and (3) Grief fails to provide evidence substantiating the application of the maximum penalty rate of $4,000.  (Mot., Docket No. 15 at 6–7; Reply, Docket No. 28 at 6.)

While Soto's allegations dictate the amount-in-controversy for this action, Greif bears the burden of providing evidence supporting "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart, 135 S. Ct. at 555.  Greif fails to meet this burden because its evidence does not account for Labor Code section 226's one-year statute of limitations.  When determining the amount in controversy, the Court cannot disregard the applicable statute of limitations.  See Feao, 2017 WL 2836207, at *4; Phan v. Sears, Roebuck & Co., No. 515CV02582ODWKK, 2016 WL 1408057, at *2 (C.D. Cal. Apr. 11, 2016); Unutoa v. Interstate Hotels & Resorts, Inc., No. 2:14-CV-09809-SVW-PJ, 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015); but see Byrd v. Masonite Corp., No. EDCV 16-35 JGB (KKX), 2016 WL 2593912, at *7 (C.D. Cal. May 5, 2016).  In Phan, the court found that it could only consider the class members and wage statement violations that fell within the one-year statute of limitations, even though the relief sought in the complaint was not so limited.  2016 WL 1408057, at *2.  Similarly, the court in Feao

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 17-2104 JVS(JDEx) | Date | March 8, 2018 |
|---|---|---|---|
| Title | Gerardo Soto v. Greif Packaging LLC | | |

applied a one-year statute of limitations to calculate the amount in controversy for a section 226 claim, even though the Complaint asserted section 226 violations on behalf of a purported class of "[a]ll current and former hourly paid or non-exempt employees who worked . . . during the period from four years preceding the filing of this Complaint to final judgment." Case No. 2:17-cv-03080-PSG-JPR, Docket No. 1, Ex. A ¶¶ 13, 94–100. Here, Soto alleges violations of section 226 on behalf of the purported class, which includes all persons employed by Greif in non-exempt positions within four years prior to the filing of this action. (See Compl., Docket No. 2-1 ¶¶ 15, 77–84.) But the amount in controversy must be limited by the one-year statute of limitations. Therefore, Soto is not entitled to damages for his wage statement claim for the entire class period, as a matter of law. See Kenneth Rothschild Trust, 199 F. Supp. at 10001.

Greif's figure does not limit damages to those that accrued within one year from the filing of the complaint. (Trocellier Decl., Docket No. 30-1 ¶ 12.) Accordingly, Greif fails to establish the amount in controversy for this cause of action.

7. Attorneys' Fees

Soto and Greif argue over the proper way to calculate attorneys' fees. However, these arguments are ultimately moot. Even if the Court were to calculate attorneys' fees as 25 percent of the amount in controversy established by Greif, the total amount would not exceed $5,000,000.00. Greif has only established that there is $3,676,755.76 in controversy for Soto's first five causes of action. Twenty-five percent of that figure is $919,193.94. Therefore, the total amount in controversy would only be $4,595,949.70, below the $5,000,000.00 required to establish subject matter jurisdiction.

In sum, Greif fails to establish that the amount in controversy exceeds $5,000,000.00. At the hearing on the motion, Greif argued that it could have calculated the amount in controversy based on less conservative estimates. While that may be true, the Court is limited to the evidence presented. Therefore, this Court lacks subject matter jurisdiction over the controversy and must remand the action to Orange County Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-2104 JVS(JDEx)             Date  March 8, 2018

Title  **Gerardo Soto v. Greif Packaging LLC**

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Soto's motion to remand and **DENIES** his motion for relief as moot.

**IT IS SO ORDERED.**

                                                 :  00

**Initials of Preparer**   kjt